# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Julie A. Su, *Acting Secretary of Labor, United States Department of Labor*, | Case No. 23-CV-02677 (JMB/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| Virtual Matrix Corporation, Suman Thotakura, and Virtual Matrix 401(k) P/S Plan, | |
| Defendants. | |

Barbara Villalobos, U.S. Department of Labor, Chicago, IL, for Plaintiff Julie A. Su, *Acting Secretary of Labor United States Department of Labor*.

## **DEFAULT JUDGMENT**

This matter is before the Court on Plaintiff Julie A. Su's, Acting Secretary of Labor (Acting Secretary) Motion for Default Judgment.  (Doc. No. 18.)  On August 30, 2023, the Acting Secretary filed the Complaint.  (Doc. No. 1.)  On October 20, 2023, Defendants Virtual Matrix Corporation (Virtual Matrix), Suman Thotakura, and Virtual Matrix Corporation 401(k) P/S Plan (the Plan) (together, Defendants) waived service of process. (Doc. Nos. 7, 8, 9.)  Defendants have failed to plead or otherwise defend within the time prescribed by law, had default entered against them by this Court (Doc. No. 16), and failed to remit employee contributions and participant loan repayments to the Plan, as verified by the attested declaration of the Acting Secretary's investigator.  (Doc. No. 21-1.)

Accordingly, **IT IS HEREBY ORDERED** that:

1.     The Acting Secretary's Motion for Default Judgment (Doc. No. 18) is **GRANTED**;

2.     Virtual Matrix and Thotakura are permanently enjoined from violating the provisions of Title I of ERISA;

3.     Virtual Matrix and Thotakura are permanently enjoined from serving or acting as fiduciaries to any ERISA-covered employee benefit plan;

4.     Virtual Matrix and Thotakura are removed from any positions they now hold as fiduciaries of the Plan;

5.     Virtual Matrix and Thotakura are liable to the Plan in the amount of $29,562.44;

6.     Within fourteen (14) days of entry of this Default Judgment, Virtual Matrix and Thotakura shall restore $29,562.44 to the Plan for losses related to unremitted employee contributions and unremitted participant loan repayments and lost opportunity costs in accordance with Exhibit B (Doc. No. 21-2);

7.     The Plan is amended to permit the set off of $29,562.44 of Thotakura's individual account in the Plan to restore the losses incurred by the Plan resulting from Defendants' fiduciary breaches, as identified by Paragraph 6 above, as authorized by section 1502(a) of the Taxpayer Relief Act of 1997, Pub. L. No. 105-34, § 1502(a), 111 Stat. 788, 1058-59 (1997) (codified at 29 U.S.C. § 1056(d)(4));

8.     AMI Benefit Plan Administrators, Inc. is appointed as the Independent Fiduciary for the Plan to terminate the Plan and issue distributions consistent with the

Plan's governing documents, the Internal Revenue Code, and ERISA. (*See* Doc No. 21-3.) The Independent Fiduciary shall have the following powers, duties, and responsibilities:

a. The Independent Fiduciary shall have responsibility and authority to collect, liquidate, and manage such assets of the Plan for the benefit of the eligible participants and beneficiaries of the Plan who are entitled to receive such assets, until such time that the assets of the Plan are distributed to the eligible participants and beneficiaries of the Plan and the Plan is fully terminated;

b. The Independent Fiduciary shall exercise reasonable care and diligence to identify and locate each participant and beneficiary of the Plan who is eligible to receive a payment under the terms of this Default Judgment and to disburse to each such eligible participant or beneficiary the payment to which he or she is entitled. The Independent Fiduciary shall comply with the guidance in EBSA Field Assistance Bulletin No. 2014-01, Fiduciary Duties and Missing Participants in Terminated Defined Contribution Plans (Aug. 14, 2014) available at https://www.dol.gov/agencies/ebsa/employers-and-advisers/guidance/field-assistance-bulletins/2014-01, in attempting to locate participants and handling missing participants, and remain cognizant of the guidance in Missing Participants – Best Practices for Pension Plans (January 12, 2021), available at https://www.dol.gov/sites/dolgov/files/ebsa/employers-and-advisers/plan-

administration-and-compliance/retirement/missing-participants-guidance/best-practices-for-pension-plans.pdf;

c.      The Independent Fiduciary shall have full access to all data, information and calculations in the Plan's possession or under its control, including that information contained in the records of the Plan's custodial trustees and other service providers, bearing on the distribution of benefit payments, participant account balances and current Plan assets;

d.      The Independent Fiduciary may retain such persons and firms including, but not limited to, accountants and attorneys, as may be reasonably required to perform its duties hereunder;

e.      Within ninety (90) days of the entry of this Default Judgment, the Independent Fiduciary, in accordance with the Taxpayer Relief Act of 1997, codified at 29 U.S.C. § 1056(d)(4), shall cause the amount of $29,562.44,[1] which represents the amount of unremitted employee contributions and loan repayments and lost opportunity costs owed to each participant of the Plan, other than Thotakura, to be set off from Thotakura's individual account in the Plan to the accounts of the participants and beneficiaries of the Plan.  The Independent Fiduciary shall restore the monies owed to all individuals, except Thotakura, who: (1) were employees of Virtual Matrix Corporation; (2) were Plan participants during the period

---

[1] On the date the set off is to occur, if the amount in Thotakura's individual account is less than this amount, the set off will be for the total balance in his account.

April 30, 2021 through June 30, 2022; and (3) had voluntary employee contributions withheld from their pay for contribution to the Plan and who have not received a distribution of their full vested account balance as of the date of the entry of this Default Judgment.  The Independent Fiduciary shall allocate the $29,562.44 from Thotakura's individual participant account to the individual accounts of the Plan's participants, other than Thotakura, in an amount equal to unremitted employee contributions owed to each participant.[2]  For any participants who received a distribution prior to the entry of the Default Judgment, the Independent Fiduciary will issue the appropriate notices to those participants to make their election as to whether they want a check or to roll their money to another plan or to an IRA;

f.      Within ninety (90) days of entry of this Default Judgment, the Independent Fiduciary shall initiate the termination of the Plan in accordance with ERISA.  The Independent Fiduciary's responsibilities shall include, but not be limited to, causing the distribution of the Plan's assets to the Plan participants and filing all appropriate documents with the various government agencies.  The Plan shall be fully terminated within two hundred forty (240) days of the entry of this Order.  Within thirty (30) days from the date that the Plan is fully terminated, the Independent Fiduciary shall provide

---

[2] If the amount in Thotakura's account is less than the $29,562.44 due in losses, the Independent Fiduciary shall adjust and allocate the amounts due to each Plan participant pro rata.

satisfactory proof of such termination, including proof of issuance of the

Plan's participant distributions, to the Regional Director of the Employee

Benefits Security Administration, United States Department of Labor, 2300

Main Street, Suite 11093, Kansas City, MO 64108;

      g.     For services performed pursuant to this order, the Independent

Fiduciary shall receive compensation from the Plan not to exceed $4,775.00

for fees and expenses reasonably and necessarily incurred in administering

and terminating the Plan; and

      h.     The Independent Fiduciary's appointment shall terminate upon

the first to occur of: (1) removal by the Court; (2) its resignation after finding

an acceptable replacement, agreed to by all parties or the Court, providing

notice to all parties to this matter, and approval by the Court to have the

replacement Independent Fiduciary appointed; or (3) the liquidation and

distribution of the Plan's assets and the completion of all related tasks.

     9.     Nothing in this Default Judgment is binding on any government agency other

than the United States Department of Labor; and

     10.     The Court retains jurisdiction for purposes of enforcing compliance with the

terms of this Default Judgment.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July 19, 2024                      /s/ *Jeffrey M. Bryan*
                                           Judge Jeffrey M. Bryan
                                           United States District Court